IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-01143-RBJ

DAVID A. BOVINO, ESQ., an individual, and
DAVID A. BOVINO P.C. d/b/a Law Offices of Bovino & Associates,
a Colorado corporation,

      Plaintiffs,

v.

ANDREW MACMILLIAN, an individual,

      Defendant.

---

## ORDER

---

This case is before the Court on plaintiff's motion to remand. [docket #19].

**Facts**

This case is the result of a payment dispute between the Law Offices of Bovino & Associates (Bovino Law) and Andrew MacMillan. Plaintiff alleges that it entered into a retainer agreement with Mr. MacMillan to represent him in a divorce from his wife and in issues surrounding several trusts of which he is a beneficiary. Bovino Law alleges that it incurred $441,747.41 in unpaid legal fees. Pursuant to the terms of the retainer agreement that included an arbitration clause, Bovino Law filed a demand for arbitration with the Judicial Arbiter Group in Denver on August 13, 2012.

During arbitration Bovino Law and Mr. MacMillan entered into a settlement agreement where Mr. MacMillan agreed to pay Bovino Law $581,077.50. Upon payment in full, Bovino

Law agreed to dismiss the arbitration with prejudice. The settlement agreement contained a forum selection clause that provided:

> This settlement Agreement, together with the Stipulation for Entry of Judgment executed concurrently herewith . . . shall be governed by Colorado Law . . . and any action brought by a party to enforce or interpret any provision of this Settlement Agreement shall be brought exclusively in an appropriate state court in City and County of Denver, Colorado, and the parties irrevocably consent to the jurisdiction of such courts for any dispute hereunder or any obligation hereunder.

Settlement Agreement at 7-8. [#5].

Following the settlement agreement, Mr. MacMillan did not pay any of the $581,077.50. The Bovino Law firm filed suit in the District Court for the City and County of Denver (Denver District Court) in April 2013 seeking to recover that amount.

Mr. MacMillan, through his co-guardians, now argues that the settlement agreement is not enforceable and has removed the action to this Court. Mr. MacMillan's guardians argue that Mr. MacMillan was not competent to enter into the settlement agreement with Bovino Law. Mr. MacMillan was under a voluntary guardianship divesting him of his right to enter into contracts and manage or dispose of his property beginning in July 2011. In early January 2013 involuntary guardianship proceedings were begun in Florida Probate Court by Mr. MacMillan's wife and mother. On January 15, 2013 Mr. MacMillan allegedly signed a document terminating the voluntary guardianship.

At the arbitration proceedings, Mr. MacMillan's mother, Patricia MacMillan, sought to participate as his guardian. However, the arbitrator held that because Mr. MacMillan had terminated the voluntary guardianship, Patricia MacMillan lacked standing to represent Mr. MacMillan in the arbitration proceedings. On February 14, 2013 Mr. MacMillan and Bovino Law entered into a settlement agreement to resolve all of the allegations raised during arbitration. On March 28, 2013 the Florida court entered a court-ordered guardianship based upon Mr.

MacMillan's mental health. Patricia MacMillan and Christina MacMillan, Mr. MacMillan's wife, were appointed as co-guardians. They now argue that Bovino Law took advantage of the ten week time period that Mr. MacMillan did not have a guardian to get Mr. MacMillan's signature on the settlement agreement. They argue that Mr. MacMillan was not competent to enter into the contract and therefore it and its forum selection clause are unenforceable.

**Analysis**

Forum selection clauses are "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Milk 'N' More, Inc. v. Beavert,* 963 F.2d 1342, 1346 (10th Cir. 1992). Defendant argues that the forum selection clause in the settlement agreement should not be enforced because the entire contract is not enforceable as Mr. MacMillan lacked the capacity to enter into the settlement agreement.

Several courts have examined the issue of whether a forum selection clause is enforceable when a party claims the entire contract is unenforceable. In the context of alleged fraud, the courts have found that "[a] general claim of fraud or misrepresentation concerning an entire contract does not affect the validity of a forum selection clause. Rather, the party challenging the clause must demonstrate that the forum selection clause itself is the product of fraud or coercion." *Barton v. Key Gas Corp.,* No. 05-CV-01856-REB-PAC, 2006 WL 2781592 (D. Colo. Sept. 26, 2006) (citing *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 519 n. 14 (1974)); *see also REO Sales, Inc. v. Prudential Ins. Co.,* 925 F.Supp. 1491, 1493 (D.Colo.1996); *Edge Telecom, Inc. v. Sterling Bank*, 143 P.3d 1155, 1162 (Colo. App. 2006) (citing cases).

Although the defendants are not alleging fraud, but rather arguing that Mr. MacMillan lacked capacity to contract, the principle is the same. Unless the defendants can show that the

forum selection clause itself was entered into because Mr. MacMillan lacked the capacity to contract, lack of capacity does not invalidate the forum selection clause. This result is necessary from a practical standpoint. "If a forum clause were to be rejected whenever a plaintiff asserted a generic claim of [lack of capacity to contract], as is the case here, then forum clauses would be rendered essentially meaningless. That is, whenever a plaintiff had a breach of contract claim, it could defeat an otherwise clear, detailed, and comprehensive forum selection clause by simply alleging [capacity] as well." *REO Sales, Inc.,* 925 F.Supp. at 1495.

The defendant has not argued that the plaintiffs were able to procure Mr. MacMillan's consent to the forum selection clause in particular because of his alleged lack of capacity. Nor have they argued that the forum selection clause is unfair or against public policy. Accordingly, the forum selection clause is enforceable and remand to the Denver District Court is appropriate.

Plaintiffs ask that in addition to remanding, this Court should compel arbitration. Remanding this case to the Denver District Court precludes this Court from also ordering arbitration. Remanding this case is a determination that the Denver District Court is the appropriate forum to litigate this dispute.

**Order**

Plaintiff's motion to remand [#19] is GRANTED. This case is remanded to the District Court for the City and County of Denver.

DATED this 1st day of July, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge